UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                 No. 1:20-cr-01775-DHU

ALBERTO GOMEZ, a.k.a., "Beto,"
JACK TRUJILLO, a.k.a., "Weezy,"
CEDRIC KULKA, a.k.a. "Brad," and
CHRISTOPHER HULSEY, a.k.a., "Lil C,"

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Alberto Gomez's Motion to Dismiss Count 13 (Doc. 137) and Cedric Kulka's Notice of Joinder and Incorporation by Reference (Doc. 139), which the Court construes as a Motion to Dismiss Count 16 of the Superseding Indictment. The Government responded in opposition to both motions (Doc. 143), and the Court held a hearing on the motions on August 29, 2022. After considering the parties' arguments, the Court **GRANTS** Defendants' motions but orders the Government to supersede the indictment as explained herein.

**BACKGROUND**

According to the Government, Defendants were targeted for drug and firearm offenses as part of "Operation Legend," an initiative launched in 2020 by law enforcement agencies to fight violent crime. A federal grand jury eventually indicted Defendants in a multi-count Superseding Indictment (Doc. 49) for drug, firearm, and other federal violations stemming for the period of August 2020 to September 2020.

Counts 13 and 16 of the Superseding Indictment charge Defendants, respectively, with violations of 18 U.S.C. § 924(c)(1)(A), which provides that "any person who, during and in relation to any crime of violence or drug trafficking crime ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be subject to certain minimum sentences. 18 U.S.C. § 924(c)(1)(A).

On February 4, 2022, Mr. Gomez filed a motion to dismiss the § 924(c)(1)(A) count, which Mr. Kulka joined on February 9, 2022. According to Defendants, the phrases "uses or carries" and "possesses" in § 924(c)(1)(A) define two discrete criminal offenses and they therefore contend that Counts 13 and 16 are duplicitous. They state that presenting the jury with instructions and a verdict form containing the allegedly duplicitous counts will result in jury confusion and the potential of a conviction without unanimity; create difficulties with respect to the admissibility of evidence; prejudice their ability to raise a future double jeopardy defense; fail to give them proper notice of the real charge against them; and prejudice them in sentencing.

The Government responded in opposition. It argued the statute simply defines two ways to commit a single offense. It also notes that there is a federal circuit split on whether § 924(c)(1)(A) sets forth a single offense or multiple offenses and that "[t]he Tenth Circuit has never spoken directly on the question." Doc. 153, at 4. Furthermore, the Government notes that District of New Mexico Judges who have addressed the issue have reached somewhat different results. Doc. 143, at 4. The Government states that the cure for any potential problems is not dismissal of the counts but instead presenting the jury with a unanimity instruction and a special verdict form for each defendant. In the alternative, the Government states that it "can re-present this case to the grand jury and proceed by way of charging each theory separately." *Id*, at 8.

At the August 29, 2022, hearing on Defendants' motion, the Government specifically told the Court that it was electing to proceed on the "possession" prong of the § 924(c)(1)(A) counts. As explained in further detail below, the Government's election persuades the Court that the Superseding Indictment should be superseded to reflect that election.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 8 provides that "[t]he indictment … may charge a defendant in separate counts with 2 or more offenses if the offenses charged … are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Duplicity is defined as the joinder of two or more distinct and separate criminal offenses in the same count of an indictment." *United States v. Miller*, 891 F.3d 1220, 1229 (10th Cir. 2018) (citation omitted). "The dangers of duplicity are three-fold: (1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty determining the admissibility of evidence." *United States v. Trammell*, 133 F.3d 1343, 1354 (10th Cir. 1998) (citation omitted).

"The proper way to attack a duplicitous indictment is by a motion to elect." *United States v. Henry,* 504 F.2d 1335, 1338 (10th Cir. 1974); *United States v. Brown*, 188 F.3d 519 (10th Cir. 1999) (approving the use of a "forced election" that "sufficed to cure any duplicity.") "One cure for an otherwise duplicitous indictment is to give an augmented instruction requiring unanimity on one or the other of the acts charged within a count that otherwise appear to constitute separate offenses." *Trammell*, 133 F.3d at 1354–55.

## ANALYSIS

As noted earlier, Counts 13 and 16 are based on violations of 18 U.S.C. § 924(c)(1)(A), which provides that "any person who, during and in relation to any crime of violence or drug trafficking crime … *uses* or *carries* a firearm, or who, in furtherance of any such crime, *possesses* a firearm," shall be subject to certain minimum sentences. 18 U.S.C. § 924 (emphases added).

As this Court has noted, "there is a federal circuit split on the question of whether 18 U.S.C. § 924(c)(1)(A) sets forth a single offense or multiple offenses depending on whether a defendant 'used or carried' a firearm during a drug trafficking crime or a crime of violence, or whether the defendant 'possessed' the firearm 'in furtherance of' such a crime." *United States v. Mazon*, No. 1:18-CR-2208-JCH-1, 2020 WL 1450566, at *2 (D.N.M. Mar. 25, 2020) (discussing circuit split). In 2019, this Court followed the Sixth Circuit's decision in *United States v. Combs*, 369 F.3d 925 (6th Cir. 2004), and held that "18 U.S.C. § 924(c) criminalizes two separate offenses, and therefore an indictment that lists both offenses in the same count is duplicitous." *United States v. Martinez*, No. CR 18-100 MV, 2019 WL 4261736, at *1 (D.N.M. Sept. 9, 2019).

In terms of remedy, the Court held that dismissal of the duplicitous count was the only adequate remedy: "[A]ny augmented jury instructions" – such as an instruction that the Government was only proceeding on § 924(c)'s "possession" prong – "would be an inadequate remedy, since the elements of the two criminal acts in 18 U.S.C. § 924 (c) are easily conflated" and revised instructions "would create ambiguities and difficulties regarding evidentiary rulings and any potential subsequent double jeopardy defense." *Id*, at *3. The Court therefore dismissed the § 924(c) count as duplicitous and at the ordered the Government to "elect a specific charge under [the § 924(c) count] and" to "supersede the indictment immediately so that it is not duplicitous…." *Id*., at *4.

In the instant matter, the Court need not reach or decide whether 18 U.S.C. § 924(c) defines one or two criminal offenses. Unlike prosecutors in *Martinez*, the Government specifically elected during the pretrial hearing to proceed on § 924(c)'s possession prong only. Given this stated election, the Court believes that the current Superseding Indictment should therefore be immediately superseded to reflect the Government's election, since reading the jury the Superseding Indictment in its current form would lead to unnecessary juror confusion.[1]

**IT IS THEREFORE ORDERED** that Counts 13 and 16 are dismissed without prejudice. It is further ordered that the Government will immediately supersede the Superseding Indictment so that it reflects the Government's election to proceed on a possession-only theory of liability.

**IT IS SO ORDERED**.

_____
DAVID H. URIAS
UNITED STATES DISTRICT JUDGE

---

[1] During the pretrial motion hearing, the Court established a deadline for the parties to submit written briefs concerning Mr. Gomez's Fifth Amendment arguments. If Mr. Gomez's position has changed in light of the instant Memorandum Opinion and Order, then Mr. Gomez should notify the Court.